*REEVES & AL.* vs. *BURTON & AL.*

Western Dis.
Sept. 1827.

APPEAL from the court of the sixth district.

MATTHEWS, J. delivered the opinion of the court. In this case, the plaintiffs sue as transferees of Montgomery, who sold to them all his right and interest in the successions of his father and mother, to which the defendants are alleged to be debtors, in consequence of the purchase of property belonging to said succession, by Burton, one of the defendants who remained mortgaged for the payment of the price, and for the assurance, whereof Martin the other defendant, became surety in the obligations which were given for the debt.

The defendants plead a release executed to them in consideration of a compromise and payment made to the transferor, before the transfer was made, or at least, before they had notice thereof.

Judgment was rendered in their favor in the court below, from which the plaintiffs appealed.

The decision of the cause depends, principally, on the investigation of a bill of exceptions taken to the competency of a witness, offered on the part of the defendants, and to the admissibility of part of his testimony. The opposi-

An attorney is a good witness, when he is not called on to disclose facts that came to his knowledge when consulted in his professional capacity.

In testing the competency of a witness, the main question is, whether the judgment to be rendered may be given in evidence in a future suit against him.

The surety is affected by notice of the assignment of the debt given to the principal.

Western Dis.
October, 1827

REEVES &
AL.
vs.
BURTON &
AL.

tion in relation to incompetency, is based on two grounds. 1. That the witness is attorney in the cause. 2. On account of interest. The first is clearly untenable, as he is not required to disclose any facts, the knowledge of which was acquired confidentially in the pursuit of his profession. The objection, on account of interest, arises out of his situation as purchaser of part of the property mortgaged, as above stated, to secure payment of its price. As has been already shewn, Burton purchased at the sale of the succession of Montgomery, the father of the transferor to the plaintiffs; and afterwards sold to Martin, his surety, who sold to Russel, he to Baldwin, and the latter to Thomas the witness, who appears to be now, proprietor of a certain portion of the land on which a right and privilege of mortgage is claimed.

In testing the competency of a witness, the main question which arises, is:—Can the judgment, about to be rendered, be legally received in evidence in any suit which may subsequently be brought against the witness, relative to the matters litigated in the action wherein he is brought to testify.

The witness, in the present case, is then, by the evidence, to be in the situation of one, in our

Western Dis.
October,1827.

REEVES &
AL.
vs.
BURTON &
AL.

law, denominated, *a third person*. He holds property subjected to a mortgage, by which it was encumbered previous to his purchase, and is offered, to prove a release of that mortgage, granted by the creditor to his vendor and debtor, before the witness became proprietor, by a chain of titles, regularly deduced from said debtor. This is an hypothecary action, prosecuted, in pursuance of the provisions of the C. Code, and should the plaintiff succeed in obtaining judgment against the principal debtor, by the express terms of the law, it becomes evidence, in a pursuit against the third possessor, to have the mortgage property sold. It is therefore clear, that the witness offered has a direct interest, to prevent a judgment from being obtained against the principal debtors, as that judgment would be legal evidence against him; in truth, the very basis of every subsequent proceeding *in rem*, which may take place, to effect a sale of the mortgaged premises, whilst in his possession. According to this test, he is evidently incompetent.

The conclusion to which we have arrived, on this bill of exceptions, renders it unnecessary to examine that which relates to the receiving oral testimony, to prove the contents of a

Western Dis.
October.1827.

REEVES &
AL.
vs.
BURTON &
AL.

a written release, said to have been executed in 1823, and alleged to have been lost. The proof of loss, as exhibited by the testimony, would probably have authorised a substitution by oral evidence. But as the witness is incompetent, no part of his testimony can be received. A subsequent release, is set up in defence, which, by a comparison of dates with the act of transfer to the plaintiffs, is found to be posterior in time. This circumstance would not impair its validity, if it should appear to have been executed, prior to the debtors having received notice of the transfer. The evidence on record shews, that they had a knowledge that the debt was transferred to the appellees, before the alleged payment, or satisfaction to the original creditor, and execution of the release on his part. It is true, that no formal notification appears to have been given by the plaintiffs; but the defendants derived knowledge of the fact from one of the former. The testimony seems to confine this knowledge to Burton alone: now, as he is the principal debtor, we are of opinion, that it must affect the rights and privileges of his sureties, as they were not bound to pay, and could not regularly volunteer a payment, without requir-

ing the principal to be first pursued. They
might have paid, and been subrogated by the

creditor to all his rights on the debtor; but in the case before the court, it appears, that the creditor had transferred the rights to the plaintiffs, and that the debtor had notice of the transfer. The obligation of the sureties being accessory, must follow and abide the fate of that of the principal.

According to this view of the cause, the plaintiffs have clearly established a right to recover the amount claimed in the petition.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed, and annulled; and it is further ordered, &c. that the plaintiffs and appellants, do recover from the defendants and appellees, the sum of two thousand one hundred and sixty dollars, with interest, at the rate of ten per cent. per annum, on one third part of said said sum, from the 1st of April, 1820—also, interest on the remaining two thirds, at the same rate, on one, from the 1st of April, 1821, and on the other, from the 1st of April 1822, with costs in both courts.

*Johnston* for the plaintiff, *Oakley* for the defendant.